# ORPHANS' COURT OF BALTIMORE CITY

Filed February 4, 1891.

CHRISTOPHER I. DUNN
VS.
EMMA E. GEIGAN, ADMINISTRATRIX OF THE ESTATE OF JOHN H. GEIGAN.

*James D. Carter* for purchaser.

*James McColgan* for administratrix.

LINDSAY, GANS and EDWARDS, JJ.—

This is an application by petition of Christopher I. Dunn, the purchaser of a leasehold property belonging to the estate of John F. Geigan, sold by his administratrix through the order of this Court, and duly reported to the same, under the representation by said administratrix that the ground rent upon said property was $117 per annum, whereas in point of fact, as afterwards discerned, the ground rent was $130 per annum, not to have the said sale for this reason set aside, but to have the Court decree a reduction from the purchase price, which was $4,200, as might be right and proper in proportion to the difference between the actual ground rent of $130 and the mistaken rent of $117.

In the answer the administratrix admits the error as stated in the petition and is willing that the purchaser, in view thereof shall be released from the obligation of taking the property at the price stated, but says he has no right to retain the property so purchased by him under the said mistake without paying the price in full which he engaged to pay. The Court gave close attention to the arguments pro and con of the respective counsel, upon this the only point raised by the issue, viz: Has the purchaser the right, in such a case of mutual mistake, to retain the property and have a reduction at the same time of the purchase price corresponding with the mistake? In equity this is certainly not a rare occurrence.

This case seems to bear such close resemblance in principle to the case of Carmody vs. Brooks, reported in 40 Md. 240, and others referred to in the arguments, where the Court refused a recission of the sale, although this was prayed for and allowed instead a proportionate abatement from the purchase money, that we would find it very difficult, if not impossible to disregard the prayer of the purchaser, to allow the sale to stand and correct the wrong resulting from the mistaken representation by a reasonable reduction from the purchase price.

In the case of Kent et al. vs. Carcand, 17 Md. 300, also referred to and commented on in the arguments, the

Court states the usual equitable rule in this and similar cases of sale under honest mistake. It there says: "In regard to the point"—very similar to the one here raised—"that the sale should be rescinded entirely, if the Court interferes at all, we may remark that the general rule is, that the vendee shall have what the vendor can give, with an abatement out of the unpaid purchase money, for so much as the quantity falls short of the representation."

After careful reflection, we think that the rule here set out so clearly, applies fairly to this case, and that whilst the purchaser may retain the property so purchased, he should be allowed a reduction from the purchase price in proportion to the difference existing between the actual annual ground rent of $130 and the mistaken rent of $117 as represented. The ascertainment of this is a matter merely of a little calculation and needs to be connected with no doubt. The annual difference between the two would be $13, which, capitalized at 6 per cent., would be $216.66 2/3, and this, in the opinion of the Court, is the abatement which in substantial justice, should be made from the purchase price originally agreed upon, viz, $4,200.